(No. 3966 )

LOUIS GLENN SEALOCK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1947.*

WILL P. WELKER, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

BERGSTROM, J.

On April 5, 1944, the claimant, Louis Glenn Sealock, employed by respondent as a highway section man in the Department of Public Works and Buildings, Division of Highways, was standing on a road drag being pulled behind a truck for the purpose of leveling the shoulders of U. S. Highway No. 40 in Fayette County and the end of the drag struck the culvert head wall, causing the drag to lurch and throw claimant forward to the pavement. One of the drag runners fell on Mr. Sealock's left leg, fracturing it at the ankle.

The driver of the truck called an ambulance, secured the services of Dr. A. R. Whitefort, St. Elmo, and called the Effingham office of the Division of Highways, notifying them of the accident. Dr. Whitefort placed Mr. Sealock in the ambulance and took him to the Mark Greer Hospital, Vandalia, Illinois, where Drs. Mark Greer and A. R. Whitefort reduced the fracture and placed the leg in a cast. The same day a representative of the Division of Highways called on Dr. Greer and arranged for claimant's transfer to the care of Dr. J. Albert Key, Professor of Clinical Orthopedic Surgery, Washington University,

St. Louis, Missouri. April 7, 1944 Mr. Sealock was transported by ambulance from Mark Greer Hospital to Barnes Hospital, St. Louis, and placed under the care of Dr. Key, where he was hospitalized from April 9 to April 28. After that he paid a number of visits to Dr. Key as the ankle was giving him trouble, and he was again hospitalized at Barnes Hospital from July 17 until July 30, 1945. On July 13, 1946 Dr. Key sent his final report to the Division of Highways, as follows:

"I examined Mr. Glenn Sealock again on July 10, 1946. As nearly as I can determine, his ankle is solidly fused. The fractures are united in good position, and there is no infection in his leg. I do not think that any further treatment is necessary and think that his case might now be settled.

"I have advised that he return to light work and that he increase his activities gradually. I think that a rating of 50 per cent permanent disability in the ankle will be a fair one in this case."

Dr. A. R. Whitefort reported with reference to claimant's disability on December 18, 1946, as follows:

"Left ankle 95%. No side movements. Ant. Post. very slight, possibly ⅛ inch. With ankle stiff we call the limb efficiency as a whole 50% as it throws the skeletal muscles out of line when he walks. He cannot stand on feet too long without pains in left side and back. When he does he cannot rest as pains persist after retiring. It seems to me that a settlement at this time should take into account the fact that time may not correct and might increase the disability. At the present time the man is only 50% efficient in regarding to following a laborer or farmer's occupation. Time may reduce the disability another 25%, but I would not be willing to venture this would be a fact."

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant's earnings during the year immediately preceding his injury were $1,550.00. He has no children under the age of 16 years. His compensation rate is,

therefore, $14.90 per week, and since the injury occurred subsequent to July 1, 1943, this must be increased 17½%, making a compensation rate of $17.51 per week.

From the evidence, the Court is of the opinion that claimant has been injured to the extent of 50% permanent and complete loss of the use of his leg, and that he is entitled to an award of $17.51 per week for a period of 95 weeks, or $1,663.45, and in addition thereto, the sum of $28.29 representing money advanced by claimant for travel and medical expenses, making a total of $1,691.74. From the amount of $1,691.74 must be deducted the sum of $214.93, which is the amount respondent overpaid to claimant for temporary total disability. Medical expenses were paid by respondent mounting to $1,235.78.

An award is therefore made in favor of claimant, Louis Glenn Sealock, in the sum of $1,476.81, all of which has accrued and is payable forthwith.

Louis A. McLaughlin, court reporter, Vandalia, Illinois, was employed to take and transcribe the evidence in this case and has rendered a bill in the amount of $36.40. The Court finds that the amount charged is fair, reasonable and customary, and that said claim be, and is, hereby allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".